HEARD NOVEMBER TERM, 1878.

BROWN *vs.* MORRIS.

An attachment set aside on the ground that the affidavit on which it was issued was insufficient.

BEFORE ALDRICH, J., AT RICHLAND, JULY TERM, 1878.

This was an action by Edmonds T. Brown against Manuel Morris.

The action was commenced on the 15th day of January, 1877, the answer filed in February thereafter, and on the 14th day of February a warrant of attachment was issued in said action upon an affidavit by the plaintiff's attorneys, setting forth:

1. That he is plaintiff's attorney in the above entitled case, and, as such, has possession of the notes hereinafter mentioned as the grounds of the plaintiff's claim against the defendant, which notes have been admitted by the defendant to this deponent to be just and valid obligations of his outstanding; that the defendant, Manuel Morris, is justly and truly indebted to the plaintiff, Edmonds T. Brown, in the sum of three hundred ninety-seven and 75-100 dollars, with interest on two hundred and fifty-five dollars from the fourteenth day of December, 1876, and interest on one hundred forty-two and 75-100 dollars from the seventh day of January, 1877, due upon two several sealed notes, as follows, to wit : A note made, sealed and delivered by the defendant, Manuel Morris, dated on the fifteenth day of September, 1876, whereby he promised to pay to the order of Edmonds T. Brown, the plaintiff herein, at the Central National Bank of Columbia, S. C., ninety days after the date thereof, two hundred and fifty-five dollars ; and a further note, made, sealed and delivered by the defendant, Manuel Morris, dated

on the ninth day of October, 1876, whereby he promised to pay to the order of Edmonds T. Brown, the plaintiff herein, at the Central National Bank of Columbia, S. C., ninety days after the date thereof, one hundred forty-two and 75-100 dollars; and deponent verily believes that said plaintiff is justly entitled to recover said sum.

2. That this deponent verily believes that the said defendant, Manuel Morris, has disposed of or secreted, and is about to dispose of and secrete, his property, with intent to defraud his creditors, because: Deponent, having numerous claims for collection against the said defendant, called on him repeatedly during the month of January, 1877, defendant all along admitting said claims; that defendant, upon all such occasions, referred deponent to his son, —— Morris, stating that he, his said son, had the management of his business; that deponent, having brought suit on the various claims, admitted by the defendant to be due, as aforesaid, the defendant, in bad faith, put in sham defenses to said suits, for the sole purpose of delaying the deponent in obtaining judgment in said suits, as the defendant's said son, —— Morris, admitted to this deponent, and thereby prevented this deponent from obtaining judgments on said claims at the February Term, 1877, of this Court; that in the meantime the defendant, as this deponent is informed and verily believes, procured his entire stock of goods and merchandise, at his store in the city of Columbia, to be levied upon and seized by Jesse E. Dent, Esq., Sheriff of Richland County, by virtue of an execution issued under judgment, for two thousand and eight hundred dollars, in the case of *Eva Elias* vs. *Manuel Morris*, the defendant herein, which judgment, this deponent verily believes, was fraudulent, and was obtained by collusion with the said defendant, Manuel Morris, for the sole purpose of defrauding his creditors of their just and valid claims, the said Eva Elias being the daughter of the said defendant and a woman of such limited means as to make it exceedingly improbable that she should have a valid claim against said defendant for so large an amount, and it having been stated to this deponent by defendant's said son, —— Morris, that the husband of said Eva Elias is insolvent, and because the said defendant allowed said judgment to be taken in the County of Kershaw, said defendant residing solely in the County of Richland, and has never before disclosed said debt until said levy was made, but is now endeavoring to force a compromise with his creditors by means of said levy.

3. That the said plaintiff has commenced an action in this Court by issuing the summons hereto annexed against said Manuel Morris upon the cause of action above stated.

A motion was made for an order vacating and discharging said warrant of attachment. It was heard at the present term of the Court and was granted.

The plaintiff appealed.

*Lyles,* for appellant.

*Melton & Wingate,* contra.

January 27, 1879.   The opinion of the Court was delivered by

HASKELL, A. J.   The appeal is from an order of the Circuit Judge which set aside an attachment because of the insufficiency of evidence. The proceeding by attachment is a reverse remedy allowed only under circumstances designated in the statute, and the evidence that those circumstances exist should be clear.   When the defendant is a resident of the State, as in this case, the warrant may be issued whenever it shall appear that a cause of action exists against him, and that he has removed, or is about to remove, any of his property from the State with intent to defraud his creditors, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, any of his property with like intent.—Rev. Stat., p. 623, § 252.   These facts must be made to "appear by affidavit." It is sufficient that they be alleged or stated on information or belief on the part of the applicant.   The affidavits in such cases must contain a statement of the particular facts upon which the allegations rest and the sources from which the information is derived. The evidence thus presented must be of such a character as would in an action at law *prima facie* establish the facts alleged.   In no other than in such sense and by such means can the requisite facts be made to "appear" to the Judge or other proper officer before whom the motion is made.

In the case of *Smith & Melton* vs. *Walker,* (6 S. C., 164,) in considering the effect of an affidavit which merely alleged that the defendant had departed to avoid legal process and "disposed of his property with intent to defraud his creditors," the Court says that had the validity of the attachment rested upon such evidence alone "a serious question of irregularity would have been presented, for

charges of this nature should be supported by a statement of the facts on which they are founded." The plaintiff in the present case, the appellant, has, perhaps, attempted to conform to the rule, at least in form; but the grounds upon which he rests are either not facts but mere inferences or hearsay, or they are irrelevant or self-contradictory.

The foundation of the whole proceeding is that the plaintiff's attorney in the cause, in the affidavit, "verily believes that the said defendant, Manuel Morris, has disposed of or secreted, and is about to dispose of and secrete, his property with intent to defraud his creditors," *because:* 1. "Deponent having brought suit on the various claims admitted by the defendant to be due as aforesaid, the defendant, in bad faith, put in *sham* defenses to said suits, &c." The appellant's own showing admits that the Circuit Judge, on a motion made by deponent to strike out said answers on the ground that they were "sham," had decided that they were not sham. That proceeding, too, seems to have preceded the motion before the Clerk. 2. The next fact alleged is, that a judgment had been recently obtained against the defendant by a daughter of said defendant in the County of Kershaw. From this fact, and from the consequent fact of a levy on the goods of defendant to satisfy said judgment, the affiant proceeds to deduce conclusions totally unwarranted by any rule of evidence; and with regard to a solemn judgment of the Court, unassailed at any time by any proceeding on the part of the plaintiff or any other person, (for this Court asked the question,) the affiant proceeds, without a title of proof, to say "which judgment, this deponent verily believes, was fraudulent." There are no further facts of any importance alleged, and it is needless to further discuss the affidavit, for it presents no ground for an attachment.

Property in the hands of the Sheriff, by virtue of a levy under execution, cannot be regarded as removed from the State or disposed of, assigned or secreted in the sense in which those words are used in the statute. The property was actually in the custody of the law, in the position most advantageous to the interest of creditors, according to affiant's showing. Such being the condition of the property, the judgment under which it was held had to be assailed before fraud could be set up. Until such proceeding had been had or begun, allegations of fraudulent intention were entirely immaterial. The removal or disposal and the intent to defraud must co-exist before the remedy by attachment can be had. The proof

of either would by itself be insufficient. It is but fair, however, in this case to say that there is as little evidence of fraudulent intent as there is of disposal of the property. The Sheriff's return shows that the defendant's property has gone to the payment of his debts under judgments, and that the only harm done to the appellant is that he was not suffered by the defendant to obtain judgment in advance of others. The law provides that "in all cases the defendant may move to discharge the attachment, as in the case of other provisional remedies."—Rev. Stat., 628. The only taint of fraud which could have attached to the defendant in this case would have been in his failing to protect his just creditors by not moving to set aside the unwarranted preference which seemed to have been gained by the appellant.

The order of the Circuit Judge is affirmed.

Motion refused.

*Willard*, C. J., and *McIver*, A. J., concurred.